OneWest Bank, FSB v Johnson
2026 NY Slip Op 03315
May 27, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

OneWest Bank, FSB, appellant,
v
Trenia Johnson, respondent, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on May 27, 2026
2024-00719, (Index No. 8354/10)
Lara J. Genovesi, J.P.
Lillian Wan
Janice A. Taylor
Donna-Marie E. Golia, JJ.

McCarter & English, LLP, New York, NY (Adam M. Swanson and Timothy W. Salter of counsel), for appellant.
Shiryak, Bowman, Anderson, Gill & Kadochnikov, LLP, Kew Gardens, NY (Matthew J. Routh of counsel), for respondent.

[*1]
DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated August 11, 2023. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were to vacate a conditional order of dismissal of the same court dated December 19, 2013, and to restore the action to the active calendar.
ORDERED that the order dated August 11, 2023, is affirmed insofar as appealed from, with costs.
On December 14, 2007, the defendant Trenia Johnson (hereinafter the defendant) executed a note in the amount of $656,000 in favor of IndyMac Bank, F.S.B. (hereinafter IndyMac). The note was secured by a mortgage on certain real property located in Brooklyn.
By summons and complaint dated April 1, 2010, the plaintiff, OneWest Bank, FSB, IndyMac's purported successor in interest, commenced this action to foreclose the mortgage against the defendant, among others. A process server stated in an affidavit that he personally served the defendant on April 5, 2010. The defendant failed to answer the complaint. In an order dated December 19, 2013 (hereinafter the conditional order of dismissal), the Supreme Court directed dismissal of the complaint in this action pursuant to CPLR 3216 if the plaintiff failed to file a note of issue or otherwise proceed by motion for entry of judgment within 90 days.
By summons and complaint dated November 6, 2017, a second action to foreclose the mortgage was commenced against the defendant, among others (hereinafter the 2017 action). In an order dated August 13, 2019, the Supreme Court, inter alia, granted the defendant's motion to dismiss the complaint in the 2017 action insofar as asserted against her as time-barred.
On May 19, 2023, the plaintiff moved, among other things, to vacate the conditional order of dismissal and restore this action to the active calendar. In an order dated August 11, 2023, the Supreme Court, inter alia, denied those branches of the plaintiff's motion. The plaintiff appeals.
The plaintiff correctly contends that the Supreme Court was without authority to dismiss the complaint in this action pursuant to CPLR 3216, since issue had not been joined (see id. § 3216[b][1]; South Point, Inc. v John, 230 AD3d 825, 826; U.S. Bank N.A. v Bassett, 137 AD3d 1109, 1110). Moreover, it is evident from the record that this action was ministerially dismissed without a motion or notice to the plaintiff, and there was no order of the court dismissing the action (see HSBC Mtge. Corp. [USA] v Gewirtz, 235 AD3d 627, 628).
Nevertheless, the Supreme Court properly denied those branches of the plaintiff's motion which were to vacate the conditional order of dismissal and to restore this action to the active calendar. RPAPL 1301(3), as amended by the Foreclosure Abuse Prevention Act (L 2022, ch 821 [eff Dec. 30, 2022]), states that "[w]hile the action is pending or after final judgment for the plaintiff therein, no other action shall be commenced or maintained to recover any part of the mortgage debt, including an action to foreclose the mortgage, without leave of the court in which the former action was brought." RPAPL 1301(3), as amended, further states that "[t]he procurement of such leave shall be a condition precedent to the commencement of such other action and . . . in the event such other action is commenced without leave of the court, the former action shall be deemed discontinued upon the commencement of the other action, unless prior to the entry of a final judgment in such other action, a defendant raises the failure to comply with this condition precedent therein, or seeks dismissal thereof based upon a ground set forth in [CPLR 3211(a)(4)]."
Here, the 2017 action was commenced without leave of court. There is no evidence in the record that the defendant raised the failure to comply with this condition precedent as a defense in the 2017 action or that she sought dismissal of the complaint in the 2017 action pursuant to CPLR 3211(a)(4), nor do the parties claim to the contrary.
Based on the failure to secure leave of court prior to the commencement of a second action against the same defendant to foreclose the same mortgage, pursuant to RPAPL 1301(3), as amended, this action was deemed discontinued as of the date the 2017 action was commenced (see U.S. Bank N.A. v Cullen, 241 AD3d 590, 593). Accordingly, the Supreme Court properly denied those branches of the plaintiff's motion which were to vacate the conditional order of dismissal and to restore this action to the active calendar.
The parties' remaining contentions need not be reached in light of our determination.
GENOVESI, J.P., WAN, TAYLOR and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court